**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **GWENDOLYN LAVERNE** | | |
| **JACKSON,** *et al.*, | * | |
| | | |
| **Plaintiffs,** | * | |
| | | |
| **v.** | * | **Case No.: PWG-14-3180** |
| | | |
| **J.P. MORGAN CHASE BANK, N.A.,** | * | |
| | | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiffs claim that Defendants wrongfully repossessed or attempted to repossess their 2013 Jaguar (the "Jaguar") and violated a Security Agreement, thereby incurring liability to Plaintiffs in excess of $6 billion under various common law and statutory causes of action. Because Plaintiffs provide few additional factual allegations and consequently do not give Defendants adequate notice of the claims against them, I will grant Defendants' Motion to Dismiss, ECF No. 8, and deny Plaintiffs' Motion for Summary Judgment, ECF No. 20, as moot in light of this ruling.[1]

### I.     BACKGROUND

In a Verified Complaint filed against J.P. Morgan Chase Bank, N.A.; Chase Auto Finance; Greenwood Recovery, Inc.; and L&K Recovery, Inc. in the Circuit Court for Prince George's County,[2] Plaintiffs Gwendolyn Laverne Jackson and Ainsworth Charles Jackson claim

---

[1] The parties fully briefed both motions. *See* ECF Nos. 8-1, 15, 18, 21, 22.  A hearing is not necessary.  *See* Loc. R. 105.6.

[2] Defendants removed to this Court. ECF No. 2.

that "Defendants have committed a 'fraud' against them by 'repossessing' their 2013 Jaguar,"

when "the debt has been discharged in its entirety," and that Defendants are "in 'default' and are

debtors to plaintiffs, owing plaintiffs Six Hundred Billion Dollars ($600,000,000,000.00) per

plaintiff(s) 'Security Agreement.'"[3]  Compl. 1–2, ECF No. 2.  They do not attach a contract

transferring title to the Jaguar to them or any financing agreement pertaining to the vehicle. They

do attach a "Security Agreement" between

> GWENDOLYN LAVERNE JACKSON® "DEBTOR," (All Debtors hereinafter
> referred to, specifically, as one "DEBTOR" and collectively, as "Parties"), also
> known by any and all derivatives and variations in the spelling of said name
> except "Gwendolyn Laverne Jackson©, Employer Identification Number [], and
> Social Security Account Number [], and the living, breathing, flesh-and-blood
> man, *Gwendolyn Laverne Jackson* of the *Jackson Family*, the Secured
> Party/Creditor . . . .

Security Agr. 1, Compl. Ex. 2, ECF No. 2-13.  According to Plaintiffs, they "may have

additional claims for relief under 'State Civil RICO.'"  *Id*. at 11.  They seek damages of $6

billion, additional compensatory damages of $399,551, and punitive damages of $1 million, as

well as a declaratory judgment that "Defendants violated the Uniform Commercial Code; . . .

committed a 'fraud' against plaintiff(s); . . . entered into an unlawful and void contract;" and

"violated plaintiffs'[] constitutional rights."  *Id.* at 12.

They also allege that Defendants "*are attempting* to deprive plaintiffs of their assets and

property without 'due process of law' under the Fourteenth Amendment," and that "Plaintiffs

have a claim in 'Recoupment' under Maryland UCC § 3-306 to the proceeds."  *Id*. at 2 (emphasis

added).  Plaintiffs seek a "Preliminary Injunction and a Temporary Restraining Order" to enjoin

Defendants, "their agents, officers and employees *from attempting* to 'repossess' the 2013

---

[3] For the purposes of resolving Defendants' Motion to Dismiss, I accept the facts alleged in
Plaintiffs' Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), to the extent
that they are not contradicted by the exhibits to Plaintiffs' Complaint, *see Veney v. Wyche*, 293
F.3d 726, 730 (4th Cir. 2002).

Jaguar" and from making "any further attempts to collect on this debt which has been discharged." *Id.* (emphasis added).  These claims and relief sought are in conflict with Plaintiffs' earlier allegations that Defendants repossessed the vehicle and that this is an action in replevin and detinue.  *See id.* at 1.

In the remaining ten pages of the Complaint, Plaintiffs cite legal authority without applying it to the facts of the case.  Based on these citation, Defendants charitably conclude that Plaintiffs also allege violations of the Bank Holding Company Act, 12 U.S.C. §§ 1841, *et seq.*; the Community Reinvestment Act, 12 C.F.R. 25.11, *et seq.*; and the National Banking Act, 12 U.S.C. §§ 21 *et seq.*

## II.    DISCUSSION

I am mindful that Plaintiffs are proceeding *pro se* and their Complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, liberal construction does not absolve Plaintiffs from pleading a plausible claim.  *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)).  As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

Defendants argue that Plaintiffs' Complaint should be dismissed because it "consists of vague and conclusory allegations that do not place Defendants on adequate notice of the substance of the dispute, the allegations made against them, or the relief sought for the alleged

wrongdoing," and consequently "fails to meet the pleading requirements set forth in Federal Rules 8(a), 9, and 12(b)(6)." Defs.' Mem. 1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss a claim or complaint if it fails to state a claim upon which relief can be granted. *Tucker v. Specialized Loan Servicing, LLC*, ---- F. Supp. 3d ----, 2015 WL 452285, at *8 (D. Md. Feb. 3, 2015). In resolving a Rule 12(b)(6) motion, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

As best I can discern, Plaintiffs claim that Defendants are liable for two wrongs: (1) either repossessing or attempting to repossess Plaintiffs' Jaguar, and (2) failing to pay Plaintiffs under the terms of the Security Agreement that Plaintiffs attach as Exhibit 2 to their Complaint. With regard to repossession of the Jaguar, it is not clear who owned the vehicle, what the terms of the loan for its purchase were, whether Plaintiffs complied with those terms, which Defendants repossessed or attempted to repossess the vehicle, which Defendants allegedly violated which laws in repossessing or attempting the repossess the vehicle, how those Defendants allegedly violated the identified laws in repossessing or attempting to repossess the vehicle, or whether any Defendants succeeded in repossessing the vehicle. Consequently, I

cannot reasonably infer that any "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  Indeed, Plaintiffs do not provide even "[t]hreadbare recitals of the elements of [any] cause of action," nor any even "mere conclusory statements" in support. *See id.* at 678–79.

As for the Security Agreement, none of the Defendants is a party to it. *See* Security Agr. 1, 17–18 (listing parties); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, ---- F.3d ----, 2015 WL 1137142, at *7 (4th Cir. 2015) (noting that the court may consider "the 'documents attached or incorporated into the complaint'" in ruling on a 12(b)(6) motion (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)); *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991) (noting that if the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails").  Therefore, Defendants cannot be liable under it.  *See Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 395 (D. Md. 2011) ("Under Maryland law, 'a person cannot be held liable under a contract to which he was not a party.'" (quoting *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.,* 728 A.2d 783, 794 (1999)).[4]

### ORDER

Accordingly, it is, this <u>28th</u> day of <u>May</u>, <u>2015</u>, hereby ORDERED that

1.  Defendants' Motion to Dismiss, ECF No. 8, IS GRANTED;

2.  This case IS DISMISSED WITHOUT PREJUDICE;[5]

---

[4] It appears that Maryland law governs the Security Agreement.  *See* Security Agr. 16 (referring to a court's determinations of the Security Agreement "in accordance with the course of the common law arising under the Constitution of the Maryland Republic, as amended by the qualified Electors of said Maryland Republic and the laws of the *de jure* Maryland").

[5] This Court has the discretion to dismiss with prejudice, but generally dismissal should be without prejudice unless the plaintiff has the opportunity to amend. *Adams v. Sw. Va. Reg'l Jail*

3.  Plaintiffs' Motion for Summary Judgment, ECF No. 20, IS DENIED AS MOOT;

4.  The Clerk SHALL CLOSE THIS CASE; and

5.  The Clerk SHALL MAIL a copy of this Order to Plaintiffs.

_____/S/_____

Paul W. Grimm

United States District Judge

lyb

---

*Auth.*, 524 F. App'x 899, 900, 2013 WL 1943798, at *1 (4th Cir. 2013); *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013).